UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEITH R. CADWELL, SR.**,

    Plaintiff,

v.                                          Case No. 8:23-cv-0918-WFJ-AAS

**JOHN ROBERTS, et al.**,

    Defendants.
_____/

## ORDER

Plaintiff Keith R. Caldwell, Sr. has filed a Complaint against various government figures, private corporations, and individuals[1] "to expose the corruption and incompetence" within the federal court system. Dkt. 1. Upon careful consideration, the Court finds that Mr. Caldwell's Complaint is patently frivolous. The Court therefore *sua sponte* dismisses Mr. Caldwell's suit with prejudice.

---

[1] Mr. Caldwell names as Defendants Chief Justice John Roberts, Judge William H. Pryor Jr., Judge Mary S. Scriven, United States Solicitor General Elizabeth Barchas Prelogar, Dodge Chrysler LLC, FIAT/Chrysler Automobile Corporation, United States Secretary of Transportation Pete Buttigieg, United States Attorney General Merrick Garland, and the United States Attorney's Office. Dkt. 1 at 1. Mr. Caldwell names as "persons of interest" Serio Marchionne, Justice Elena Kagan, Justice Brett M. Kavanaugh, and Robert L. Blank. *Id.* at 2. It is unclear to the Court what Mr. Caldwell means by "persons of interest." Because Mr. Caldwell explicitly differentiates "persons of interest" from "defendants," however, the court will not treat the former as the later.

## BACKGROUND

In 2018, Mr. Caldwell brought suit against Dodge Chrysler Group, Sergio Marchionne, the United States Department of Transportation, and others in an attempt to enforce regulations prescribed under the National Traffic and Motor Vehicle Safety Act (the "Safety Act"), 49 U.S.C. § 30101 *et seq*. *See generally Caldwell v. Dodge Chrysler Grp.*, No. 8:18-CV-2525-T-35SPF, 2019 WL 11790555 (M.D. Fla. Oct. 29, 2019), *aff'd sub nom. Caldwell v. U.S. Dep't of Transportation*, 847 F. App'x 677 (11th Cir. 2021). Around one year later, Mr. Caldwell's suit was dismissed with prejudice due to *Ayres v. General Motors Corp.*, 234 F.3d 514, 523 (11th Cir. 2000) and other caselaw which holds that the Safety Act provides no private right of action. Mr. Caldwell subsequently lost on appeal in the Eleventh Circuit, and the Supreme Court denied certiorari. *See generally Caldwell v. U.S. Dep't of Transportation*, 847 F. App'x 677 (11th Cir. 2021), *cert. denied sub nom. Caldwell v. Dep't of Transportation*, 212 L. Ed. 2d 539, 142 S. Ct. 1445 (2022).

On April 26, 2023, Mr. Caldwell brought the instant suit. Dkt. 1. Mr. Caldwell essentially requests that the Court overturn all of the aforementioned cases. Mr. Caldwell claims that the whole judicial process is corrupted and steeped in *quid pro quo* dealing. He wishes to expose this "dirty laundry" and be awarded tens of millions of dollars in the process. *Id.* at 9, 116.

## DISCUSSION

The Eleventh Circuit has "recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citation omitted). "[A] complaint is frivolous if it is without arguable merit either in law or fact." *Id.* (citations and internal quotations omitted). Because Mr. Caldwell's allegations fit this description, the Court chooses to exercise its inherent power to dismiss his suit.

Mr. Caldwell's Complaint consists of 122 pages of unsupported accusations of conspiracy and fraud that attempt to implicate anyone tenuously connected to his prior cases in a massive conspiracy against him and the American public. Despite being 122-pages, moreover, Mr. Caldwell's Complaint lists no counts against any individual defendants. He merely puts the entire system on trial through a narrated manifesto of personal grievances. As the Eleventh Circuit has made clear, one cannot employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Id.* at 235.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion (Dkt. 1) is **DISMISSED WITH PREDUJICE**.

(2) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa Florida, on July 6, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record